IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Keener, individually and on behalf of Crab Pot LLC, Awshucks SC, LLC d/b/a Oyster House, CCH-Market, LLC d/b/a Charleston Crabhouse-Market Street, and Huntmasters, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Isabella Casillas Guzman, in her individual capacity as Administrator of the Small Business Administration; Antwaun Griffin in his individual capacity as Chief of Staff for the Small Business Administration; Patrick Kelly in his individual capacity as Associate Administrator of the Small Business Administration's Office of Capital Access; John A. Miller in his individual capacity as both the Acting Associate Administrator and the Deputy Associate Administrator of the Small Business Administration's Office of Capital Access; and other Unknown Employees of the Small Business Administration. <br><br> Defendants. | C/A No.:2:22-cv-1640-MBS <br><br><br><br><br><br> **COMPLAINT** |

NOW COME John Keener, individually and on behalf of Crab Pot LLC, Awshucks SC,

LLC d/b/a Oyster House, CCH-Market, LLC d/b/a Charleston Crabhouse-Market Street, and

Huntmasters, Inc. and alleges as follows:

**INTRODUCTION**

The Small Business Administration ("SBA") describes itself as the "nation's only go-to

resource and voice for small businesses."  Yet, in early 2021, the SBA decided to be the

"resource and voice" for only a select group of small restaurant businesses and to turn its back on

all the remaining struggling restaurants.  The SBA was given federal tax payer money to provide

1

loans to restaurants, but they provided priority for these loans to female-owned and minority-owned businesses. The devastation to the restaurant industry caused by the COVID pandemic did not discriminate based on race and gender, but the federal government did. In this day and age of gender identity fluctuation and websites that inform a person they may be 1% of a certain race, the federal government, through Defendants, chose to prioritize a much needed loan program on the basis of gender and race. In doing so, Defendants violated the Plaintiffs' constitutionally protected civil rights.

**PARTIES**

1.    Plaintiff John Keener is a resident of South Carolina.

2.    Crab Pot, LLC, is a company registered with and existing under the laws of the state of South Carolina and is owned by John Keener.

3.    Awshucks SC, LLC d/b/a Oyster House, is a company registered with and existing under the laws of the state of South Carolina and is owned by John Keener.

4.    CCH-Market, LLC d/b/a Charleston Crabhouse-Market Street is a company registered with and existing under the laws of the state of South Carolina and is owned by John Keener.

5.    Huntmasters, Inc. is a company registered with and existing under the laws of the state of South Carolina and is owned by John Keener.

6.    The Small Business Administration was created in 1953 and is a cabinet-level federal agency dedicated to small business, which provides counseling and capital as the **"nation's only go-to resource and voice for small businesses."**

7.    Defendant Isabella Casillas Guzman is the Administrator of the Small Business Administration ("SBA"). Under Section 5003 of the American Rescue Plan Act ("ARPA"),

2

Defendant Guzman was/is responsible for administering the Restaurant Revitalization Fund ("RRF"). She is being sued in her individual capacity for acts and/or omissions occurring within the course and scope of her employment as a federal officer of the United States government acting under the color of law. Upon information and belief, she is a citizen and resident of the United States of America.

8.      Defendant Antwaun Griffin serves as the Chief of Staff for the SBA and is the primary senior executive advisor to the Administrator on program and policy matters with national scope and impact. He is being sued in his individual capacity for acts and/or omissions occurring within the course and scope of his employment as a federal officer of the United States government acting under the color of law. Upon information and belief, he is a citizen and resident of the United States of America.

9.      Defendant Patrick Kelly has been the Associate Administrator for the SBA's Office of Capital Access since March 2021. In this capacity, Kelly is an integral part in the SBA's loan policies, operations, and oversight. He is being sued in his individual capacity for acts and/or omissions occurring within the course and scope of his employment as a federal officer of the United States government acting under the color of law. Upon information and belief, he is a citizen and resident of the United States of America.

10.     Defendant John A. Miller was the Acting Associate Administrator for the Office of Capital Access from January 2021 through March 2021 and is now Deputy Associate Administrator for Capital Access of the Small Business Administration. In his capacity as both the Acting Associate and Deputy Administrator, Miller is an integral part in the SBA's loan policies, operations, and oversight. He is being sued in his individual capacity for acts and/or omissions occurring within the course and scope of his employment as a federal officer of the

United States government acting under the color of law.  Upon information and belief, he is a citizen and resident of the United States of America.

11.    Defendants Unknown Employees of the Small Business Administration are sued in their individual capacity for acts and/or omissions occurring within the course and scope of their employment as federal officers of the United States government acting under the color of law.  Upon information and belief, Unknown Employees are citizens and residents of the United States of America.  Discovery is necessary to identify and name the Unknown Employees.

## JURISDICTION AND VENUE

12.    This action is civil in nature and contains claims arising under federal law and under the Constitution, laws, or treaties of the United States.  The Federal District Court of the United States has original jurisdiction pursuant to 28 U.S.C. § 1331.  This action is being commenced to redress the alleged deprivation of constitutional rights over which the District Court of the United States also has original jurisdiction pursuant to 28 U.S.C. § 1343.

13.    Plaintiff bring this action against Defendants as employees of the SBA, acting under color of federal law within the course and scope of their employment in their individual capacities pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 409 U.S. 388 (1971) to recover damages for violations of Plaintiffs' equal protection and due process rights under the United States Constitution.

14.    Venue is proper in this district pursuant to 28 U.S.C § 1391(e)(1) as the Plaintiff Restaurants are located in this district, the Plaintiff Owner resides in this district, and a substantial part of the events giving rise to this claim occurred in this district.

**FACTS**

15.     On March 11, 2021, the President of the United States signed ARPA into law. Through section 5003 of ARPA, Congress appropriated $28.6 billion to create the RRF to provide grants to restaurants that had been impacted by the COVID-19 pandemic.

16.     The RRF was to be administered by the Defendants in their capacities as employees of the SBA.

17.     Under Section 5003(c)(3) of ARPA, a priority was established for certain applicants: "During the initial 21-day period in which the Administrator awards grants under this subsection, the Administrator shall prioritize awarding grants to eligible entities that are small business concerns owned and controlled by women, [veterans], or socially and economically disadvantaged small business concerns."

18.     The ARPA incorporates another federal law called the Small Business Act, which provides that "[s]ocially disadvantaged individuals are those who have been subjected to racial or ethnic prejudice or cultural bias because of their identity as a member of a group without regard to their individual qualities." 15 U.S.C. § 637(a)(4)(A).

19.     SBA regulations further define "socially disadvantaged individuals" and "economically disadvantaged individuals" as those individuals who belong to certain racial groups. 13 C.F.R. §§ 124.103, .104. To fit into these groups, individuals must be a member of one of the following groups: "Black Americans; Hispanic Americans; Native Americans (including Alaska Natives and Native Hawaiians); Asian Pacific Americans; or Subcontinent Asian Americans."

20.     The ARPA, as written (in 2021), did not account for transgender individuals, for persons who identify as a certain race or gender, or for individuals, through DNA and ancestry

5

websites have discovered that may be 1% of another race.

21.    Based on the misguided and poorly thought out law, the Defendants allowed

rampant fraud in the application process by individuals who through manipulation and

dishonesty submitted applications with false information in order to meet the gender and/or race

criteria of the ARPA.

22.    Upon information and belief, the Defendants had no process or procedure in place

to actually determine if an applicant was in fact female or was in fact the race or nationality

they included in the application.

23.    This in turn allowed otherwise non-priority applicants to stretch the definition of

race and gender, to identify as another race or gender, or to outright fabricate their race and

gender in order to receive first priority for the RRF.

24.    This is not an uncommon practice by the federal government who instructs its

agencies that employers "should use the name and pronouns appropriate to the gender identity

of the employee, *as expressed by the employee.*"[1]

25.    On April 30, 2021, the SBA sent an email to restaurants detailing the process for

the Restaurant Revitalization Fund. The email included the following information: "All

businesses can and should apply on Monday. Due to limited funds and the first-come, first-

served basis, the earliest possible submission of your application is the best way to maximize

your chance of receiving the grant. The law mandates a 21-day priority window for businesses

owned and controlled by women, veterans, and socially and economically disadvantaged

individuals. The SBA has indicated it will fund those applications first, as required."

---

[1] *See* Guidance Regarding the Employment of Transgender Individuals in the Federal Workplace, U.S. Office of Personnel Management, https://www.opm.gov/policy-data-oversight/diversity-and-inclusion/reference-materials/guidance-regarding-employment-of-transgender-individuals-in-the-federal-workplace.pdf (emphasis added).

26.     On Monday, May 3, 2021, Keener applied for a grant under the Restaurant Revitalization Fund at restaurant.sba.gov . During the application process, SBA notified Keener that "SBA will accept applications from all eligible applicants, but only process and fund priority group applications." The website continued that priority applicants include businesses owned by "women, veterans, or socially and economically disadvantaged individuals." SBA's website further explains that "socially disadvantaged individuals" and "economically disadvantaged individuals" must be "a member of a group" that has "been subjected to racial or ethnic prejudiceor cultural bias."

27.     Keener applied for the grant and chose "white" as his race and "male" as his gender, which means his application was pushed to the back of the queue behind certain minority applicants and women.

28.     On May 4, 2021, the SBA sent Keener an email explaining that because he is a white male, he will not have the same privileges as other non-white and female restaurant owners: "As outlined by Congress, the SBA will focus their reviews on the priority applications that have been submitted. Applicants who have submitted a non-priority application will find their applications remain in a Review status while the priority applications are processed during the first 21 days. Applicants in this status should not anticipate any outreach from the SBA during this period."

29.     On May 7, 2021, SBA sent Keener an email stating that the SBA received186,200 applications in the first two days. The email goes on to explain that 46,400 applications were from restaurants owned by women and 30,800 applications were from minority restaurant owners.

30.     On June 30, 2021, Keener received an email from the SBA announcing the closure of the RRF.  In that email, the SBA disclosed that it had received over 370,000 applications and had provided grants to over 105,000 businesses.

31.     Based on the May 7, 2021, email from the SBA, it had received 97,600 applications from restaurants that were given priority under the ARPA, which means that only 7,400 of the 265,000 restaurants that were not given priority had grants available to them.

32.     Plaintiffs did not receive any grant money under the RFF.

33.     The Defendants and the SBA completely failed Plaintiffs in their role as the "go-to resource" and the "voice" of all small businesses.

## FOR A FIRST CAUSE OF ACTION
### Violation of 14th Amendment
### Due Process and Equal Protection Rights

34.     Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs herein verbatim.

35.     Plaintiffs bring this cause of action against Defendants as federal employees of the SBA who, acting under color of federal laws and within the course and scope of their federal employment, violated Plaintiffs' civil rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 409 U.S. 388 (1971) and caused damages to Plaintiffs.

36.     Plaintiffs have no other remedy available to them other than to file this lawsuit to redress their damages and the violation of their civil rights.

37.     If this lawsuit is not allowed, there would be no remedy, and without a lawsuit, the Defendants could violate the law again without repercussion.

38.     The Defendants violated Plaintiff's civil rights.

39.     Every United States citizen is entitled to due process and equal protection under the laws of the United States.

40.     The Fourteenth Amendment of the United States Constitution guarantees this right and states that "[n]o state shall make or enforce any law which shall abridge the privileges

or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

41.    An act or law by the United States government that provides priority based on race or gender is a violation of the United States Constitution.

42.    Being forced to compete in a race-based system of law is a violation of the Due Process and Equal Protection clause of the Fourteenth Amendment.

43.    When the United States government uses racial preferences in a law, it creates a constitutional injury to those prejudiced by the law.

44.    Section 5003 of ARPA (hereinafter, "Section 5003") included priorities based solely on race and gender.  In effect, Section 5003 required United States citizen to compete in a race-based and gender-based system for public funds.

45.    Section 5003 is unconstitutional and violates the Due Process and Equal Protection clause of the Fourteenth Amendment.

46.    At the time the RRF was administered, the law in the United States was clearly established and settled with regard to federal laws that discriminate on the basis of race or gender.

47.    Any reasonable federal official should have and would have known that enforcing a law that discriminates on the basis of gender and race crosses bright constitutional lines and violates civil rights.

48.    Any reasonable federal official should have and would have known that prioritizing the loan of public funds on the basis of gender and race crosses bright constitutional lines and violates civil rights.

9

49.    Any reasonable federal official should have and would have known that providing loans of public money based solely on gender and race crosses bright constitutional lines and violates civil rights.

50.    Plaintiffs applied for RRF funds on the first date that applications could be submitted.  However, because Plaintiff Restaurants are owned by a white male, Plaintiffs' applications were not included in the race and gender-based priority system.

51.    As a result, Plaintiffs were not given an equal opportunity to public funds that were meant to help all restaurant owners regardless of race or gender.

52.    Additionally, Defendants did not provide any measures to allow citizens to appeal or dispute the law's priority designation or to appeal or dispute their applications being moved to the "back of the line," which thereby violated Plaintiffs' due process rights.

53.    Furthermore, because the Defendants had no process or procedure in place to confirm an applicant's gender or race, the Defendants allowed the RRF to be further depleted by applicants who "identified" as a female for purposes of the application or who claimed a certain race or nationality based on information from websites such as "23andMe" or other DNA genetic testing sites.

54.    As a direct and proximate result of the unconstitutional race and gender-based priority in Section 5003, Plaintiffs were improperly denied funding from the RRF.

55.    Plaintiffs' constitutional right to due process and equal protection of the laws were thus violated by Defendants in the interpretation and administration of the RRF as provided for in Section 5003.

56.    Plaintiffs have been injured by the unconstitutional provisions of Section 5003 and have suffered actual and pecuniary damages.

57.     Plaintiffs are entitled to both actual, pecuniary, and punitive damages as well as attorneys' fees and costs.

## **RELIEF**

Plaintiffs respectfully request that this Court enter judgment in their favor, find that a constitutional injury has occurred and award actual, consequential, and punitive damages as well as attorneys' fees and costs, and any further relief this Court deems just and proper.


Respectfully submitted,

s/*Christopher T. Dorsel*
SANDRA J. SENN
CHRISTOPHER T. DORSEL
*Senn Legal, LLC*
Post Office Box 12279
Charleston, South Carolina  29422
(843) 556-4045
(843) 556-4046 (fax)
Sandy@SennLegal.com
Chris@SennLegal.com

*Attorney for Plaintiffs*

May 24, 2022
Charleston, South Carolina